Samuel M. Gold, J.
Plaintiff, a licensed auctioneer, moves for summary judgment against defendant bank. The bank has cross-moved to dismiss plaintiff’s cause of action against it.
At an auction sale conducted by plaintiff, the printed terms of which required payment to be made ‘ ‘ only in cash or in certified check of bank acceptable to Auctioneers drawn to the order of the Auctioneers ’ ’, a purchaser delivered to plaintiff a number of certified checks and a bank cashier’s check drawn on defendant bank, all payable to the order of the purchaser, in payment of his bid, receiving, indeed, $291 in cash from plaintiff for the difference between his bid and the total amount of the certified and cashier’s checks. The purchaser took the merchandise away. Plaintiff apparently had failed to note that the checks were pay *790 able to the order of the purchaser. His indorsement was not obtained and he subsequently refused to affix it, making some claim with regard to the merchandise. In the absence of an indorsement defendant bank has refused to make payment.
Plaintiff has sued the purchaser and the bank. The purchaser has interposed a defense of lack of jurisdiction over his person and plaintiff has made the instant motion only as against defendant bank, giving notice also to the purchaser, who has vaguely referred to some claim on his part.
The bank urges that, in the absence of an indorsement on the checks, there is no presumption that plaintiff is the owner or “holder” thereof (Uniform Commercial Code, § 3-201, subd. [3]) and, therefore, plaintiff cannot establish its right to payment.
The law regards that as done which ought to have been done. There can be no doubt that it was intended that the purchaser indorse the checks given in payment for the merchandise which he took into his possession after his successful bid. The failure to so indorse was either the result of a mutual mistake or mistake on plaintiff’s part and fraud on the purchaser’s part. Whichever it is, the purchaser has obtained merchandise without paying for it when the known condition was for payment in cash or by certified check. Whatever claim the purchaser might have after taking the merchandise into his possession cannot affect his obligation to have fulfilled the antecedent condition of payment to the auctioneer.
The issuance of a certified or cashier’s check by a bank simply means the setting aside of funds to meet payment thereof. The bank, of course, has no interest therein, so long as its depositor cannot hold it liable for releasing such funds in payment of a certified or cashier’s check.
A determination by the court that plaintiff is entitled under these circumstances to payment of the certified checks and cashier’s check will relieve defendant bank of any responsibility in making such payment and avoid any possibility of liability to its depositor. The motion is granted and the cross motion denied.